IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

EDWARD E. JEROME,

      **Plaintiff,**

v.             1:07-cv-0447-WSD-LTW

BARCELO CRESTLINE, INC.,

      **Defendant.**

## OPINION AND ORDER

This matter is before the Court on the Magistrate Judge's Non-Final Report and Recommendation ("R&R") [8] regarding Plaintiff Edward E. Jerome's ("Jerome") Motion for Default Judgment. Also before are Jerome's Response in Objection to Magistrate Judge Non-Final Report and Recommendation [9] and Jerome's second Motion for Clerk's Entry of Default [10].

**I. BACKGROUND**

On February 7, 2007, Jerome filed the present suit *pro se*, alleging employment discrimination against Defendant Barcelo Crestline, Inc. ("Barcelo") pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., and Title I of the Americans with Disabilities Act, 42 U.S.C. § 1211, et. seq. On February 22, 2007, Magistrate Judge Walker granted Jerome leave to proceed *in*

*forma pauperis*. Jerome was provided with standard filing documentation, including a summons form. Jerome properly filed his initial disclosures, and the Clerk forwarded a service waiver package to Barcelo. As of October 1, 2007, Barcelo had not returned a waiver of service.

On May 22, 2007, Jerome filed a motion that appears to be for default judgment.[1] Barcelo had not yet been served at this time. On May 25, 2007, Jerome filed a motion seeking to register an alternate address where Barcelo might be found. The May 25 motion also requested "the right to hand carry service to a managing agent of the defendant corporation not the agent of filing."

On October 1, 2007, the Clerk sent a service package for Barcelo to the United States Marshal Service. The docket shows that no return of service has been executed against Barcelo, and, apparently, Barcelo has not yet been served. On October 4, 2007, Magistrate Judge Walker entered an R&R denying Jerome's motion for default judgment. The R&R reasoned that because the clerk had not entered default, default judgment could not be granted. The R&R further noted

---

[1] The Court notes that Jerome's *pro se* pleadings are difficult to comprehend. They are written in sentence fragments, and the Court cannot with certainty ascertain what he means to say. While the Court reviews *pro se* pleadings with notable leniency, it cannot read minds. The Court strongly encourages Jerome to obtain counsel.

that because Barcelo had not yet been served with process, default was not appropriate.

On October 15, 2007, Jerome filed his Objection to the R&R. Jerome's objection states:

> Plaintiff would ask the district court to review statement on the Honorable judge recommendation after the words docket entry [4]. Which clearly showed Plaintiff and the court clerk followed the federal Guideline in reviewing frpc (4).-(5).-(5b). When he in a timely manner submitted his filing and the clerk office Forwarded a service waiver package to the defendant. With no response. As of October 1st 2007. Plaintiff add he did hand carried a filing to A Managing Party in the corporation in accordance with (e)(1)-/frcp (4) . . . . The address submitted to the clerk office. Merely an alternate address to satisfy the district court. He was directed to serve any and all documents to defendant or counsel And in accordance to frcp (4). Frcp (5) he was in all legal rights to hand Delivered to address on docket he also served documents on an alternate Party of the corporation.

Jerome's objection appears to be that he served Barcelo with process in May of 2007, and so either his motion for default judgment or his new motion for clerk's entry of default should be granted.

**II.  STANDARD OF REVIEW**

Under 28 U.S.C. § 636(b)(1)(A) and Rule 72 of the Federal Rules of Civil Procedure, the Court reviews non-dispositive findings and recommendations by a magistrate judge for clear error.  The R&R's decision to deny the motion for default judgment was not dispositive or potentially dispositive, as a clerk's entry of default had not been entered, Barcelo had not yet been served, and dispositive action was legally impossible.  The Court therefore reviews the non-dispositive findings for clear error.

The Court also considers *de novo* Jerome's most recent motion for clerk's entry of default, which appears to reassert the arguments rejected by the R&R.

**III.  DISCUSSION**

    A.    <u>Objections to the R&R</u>

The R&R found that Jerome's motion for default should be denied for two independent reasons: (i) the clerk had not yet entered default; and (ii) Barcelo had not yet been served with process in this case, so default proceedings were not appropriate.  There is no clear error in the R&R's statement or application of the law.

Jerome appears to object on the grounds that Barcelo has been served with process. Federal Rule of Civil Procedure Rule 4(l) states, "If service is not waived, the person effecting service shall make proof thereof to the court." The docket shows no evidence that Barcelo waived service or has been served with process. Both a clerk's entry of default and default judgment are therefore inappropriate. Jerome's Objection is overruled.

B.  Motion for Clerk's Entry of Default

Jerome also moves for a Clerk's Entry of Default. Federal Rule of Civil Procedure 55(a) states: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." The duty to plead or otherwise defend is set forth, in part, in Rule 12(a)(1)(A), which states that a defendant must answer a complaint "within 20 days after being served with the summons and complaint . . . ." Rule 4(l) states, "If service is not waived, the person effecting service shall make proof thereof to the court. If service is made by a person other than a United States marshal or deputy United States marshal, the person shall make affidavit thereof."

Jerome has not provided proof to the Court that Barcelo has been served with process.  Because there is no proof that Barcelo has been served, the 20 day time period in which it must file an answer or responsive pleading or face default has not begun to run.  Because Barcelo has not "failed to plead or otherwise defend" within the time period set forth by the Federal Rules, clerk's entry of default is not appropriate.

Jerome's motion for clerk's entry of default contains several "certificates of service" for various addresses at which he claims to have "hand-delivered" various pleadings.  Having carefully studied Jerome's submissions, including the declaration attached as Exhibit B to his motion for clerk's entry of judgment, it appears that Jerome does not know where to reach Barcelo's attorneys or registered agents, and, despite several attempts, has been unsuccessful at effecting service. Jerome appears to seek leave for his filing with the Clerk of Court to constitute sufficient service, citing Federal Rule of Civil Procedure 5.  Rule 5, however, applies only to pleadings "subsequent to the original complaint," which in this case has not yet been served.  Rule 4(c) states, "[t]he *plaintiff* is responsible for service of a summons and complaint. . . ."  (emphasis added).  Jerome ultimately carries the responsibility to locate Barcelo, properly serve it with process, and provide

appropriate proof of service to the Court.  While the Court is sympathetic to Jerome's difficulty in locating the defendant, the Court cannot enter default against a party that appears to have no awareness it is being sued.  The Court strongly advises Jerome to obtain an attorney to help him locate Barcelo for service purposes and to handle this litigation going forward.

### IV. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Jerome's Objections to Report and Recommendation of the United States Magistrate Judge [9] are **OVERRULED**.

**IT IS FURTHER ORDERED** the Court **ADOPTS AS ITS ORDER** the Magistrate Judge's Non-Final Report and Recommendation [8], as supplemented by this Order.

**IT IS FURTHER ORDERED** that Jerome's Motion for Clerk's Entry of Default [10] is **DENIED**.

**SO ORDERED** this 27th day of November, 2007.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE